**UNITED STATES v. NELSON et al.**

**Civ. A. 7785.**

United States District Court
W. D. Pennsylvania.

April 16, 1951.

Harold L. Wertheimer, Office of Housing Expediter, Philadelphia, Pa., for plaintiff.

No counsel present, for defendants.

GOURLEY, District Judge.

The United States brings this action against Helen G. Nelson and J. Henry Nelson because of rent overcharges in violation of Section 206(a) of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A. Appendix, § 1891 et seq. The authority of the United States to bring such an action is found in Sections 205 and 206(b) of the Act as amended.

This matter was heard ex parte by reason of defendants' failure to make an appearance.

The Court makes the following Findings of Fact and Conclusions of Law.

Findings Of Fact.

1. At all times herein mentioned the defendants Helen G. Nelson and J. Henry Nelson were the landlords of housing accommodations within the Pittsburgh Defense Rental Area designated as 313 East Falls Street, New Castle, Pennsylvania.

2. There was in effect at all times pertinent hereto and there is still in effect the Housing and Rent Act of 1947, as amended, and the Controlled Housing Rent Regulation issued pursuant thereto which said Act and Regulation established maximum legal rents for housing accommodations within the Pittsburgh Defense Rental Area.

3. During the period between September 1, 1947 and December 31, 1948 the maximum legal rent for the housing accommodation referred to in Finding No. 1, under the aforesaid Act and Regulation, was $27.50 per month.

4. During the period September 1, 1947 to September 30, 1947 the defendants received from Merle E. Wadding the sum of $40 for and in connection with the use and occupancy of the accommodation hereinbefore referred to and during the period between October 1, 1947 and December 31, 1948 the defendants received from the said Merele E. Wadding the sum of $45 per month for and in connection with the use and occupancy of the aforesaid accommodation.

5. The sums received by the defendants for and in connection with the use and occupancy of the aforementioned accommodation during the periods above mentioned

were in excess of the maximum rent established for said accommodation.

6. The total overcharges received by the defendants from the aforesaid Merle E. Wadding amounted to $275 of which total sum the portion of the overcharges received within one year prior to the institution of this suit amounted to $140.

7. The defendants have failed to establish that the violations were neither willful nor the result of failure to take practicable precautions against their occurrence.

### Conclusions Of Law.

1. This Court has jurisdiction over the subject matter of this suit and over the parties hereto.

2. The defendants have violated the Housing and Rent Act of 1947, as amended, by demanding and receiving rents in excess of the maximum rent permitted by the said Act and the Controlled Housing Rent Regulation, as amended, issued thereunder.

3. The defendants having engaged in violations of the aforesaid Act, an order enforcing compliance, enjoining the violations, and requiring restitution to the tenants is authorized under Section 206 of the Housing and Rent Act of 1947, as amended.

4. The plaintiff by virtue of Section 205 of the Housing and Rent Act of 1947, as amended, is entitled to have a judgment entered against the defendants for damages amounting to three times the total of those overcharges which had been received by the defendants within one year prior to the institution of this suit.

5. An Order should be made herein:

(a) directing the defendants to pay to the Treasurer of the United States the sum of $275 for the use and benefit of Merle E. Wadding, the said sum representing restitution of rent overcharges, payment thereof to be made through the Office of the Housing Expediter, Litigation Section, 1530 Chestnut Street, Philadelphia, Pennsylvania;

(b) entering judgment in favor of the plaintiff for damages in the sum of $280 (representing twice that portion of the overcharges received by defendants within one year prior to the institution of suit—the plaintiff having requested in its Complaint that judgment be for that amount only if the Court grants restitution to the tenants);

(c) enjoining the defendants, their agents, servants, employees and all persons in active concert or participation with them from directly or indirectly soliciting, demanding, accepting or receiving any rent in excess of the maximum legal rent established by the Housing and Rent Act of 1947, as amended or superseded, and the Regulations issued thereunder, as amended or superseded;

(d) directing the defendants to pay the costs of this action.

An appropriate Order is entered.